Charles P. Kennedy
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:908.654.5000
Fax:908.654.7866

*Attorneys for Plaintiff Essential Dental Systems, Inc.*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESSENTIAL DENTAL SYSTEMS, INC., | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| HENRY SCHEIN, INC., | : |
| Defendants. | : |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Essential Dental Systems, Inc. ("EDS"), by way of complaint against Defendant Henry Schein, Inc. ("Schein"), alleges and avers as follows:

### JURISDICTION AND VENUE

1. This is an action in which the plaintiff is seeking pecuniary and injunctive relief from acts of the defendants arising under the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. § 1051 *et seq.*, and for a related claim of unfair competition under the common law of the State of New Jersey arising out of the same operative facts.

2. Jurisdiction is proper in the United States District Court pursuant to 15 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

4. Plaintiff Essential Dental Systems, Inc. ("EDS") is a corporation of the State of New York, having its principal place of business at 89 Leaning Street, South Hackensack, New Jersey 07606.

5. Upon information and belief, defendant Henry Schein, Inc. ("Schein") is a corporation of the State of Delaware, having its corporate headquarters at 135 Duryea Road, Melville, New York 11747.

6. Upon information and belief, Schein is involved in the business of offering for sale and selling dental products, including the products involved in this litigation, in this judicial district and elsewhere.

## EDS'S FEDERAL TRADEMARK REGISTRATION AND FLEXI-POST® PRODUCT

7. EDS is a producer and seller of unique and proprietary dental products. EDS has obtained prominence in the dental product supply field through the introduction of innovative and unique products.

8. Beginning in 1983, EDS introduced as unique dental post for use in endodontics under the Flexi-Post® mark. As advertised by EDS, the Flexi-Post® system was the only post system to provide EDS's patented split-shank to help prevent root fracture. Based on years of clinical success, the Flexi-Post® products provided proven:

- high retention;
- low insertional stress;
- even distribution of functional stress;
- resistant to cyclic fatigue.

A representative ad for the Flexi-Post® product is attached as Exhibit A.

9. Since as early as January 19, 1983, EDS has consistently used the mark Flexi-Post® to identify its dental posts used by dentists for root canal procedures.

10. EDS is the owner of United States Trademark Registration No. 1,304,878 for the mark FLEXI-POST® for "medical apparatus-namely, dental posts." A copy of that registration is attached as Exhibit B.

11. EDS's Registration No. 1,304,878 is in full force and effect and has become incontestable, thereby granting EDS an incontestable exclusive right to use the registered trademark Flexi-Post® in commerce under 15 U.S.C. § 1165.

12. EDS has continuously used its registered trademark Flexi-Post® since as early as January 19, 1983 to identify its dental posts and to distinguish its products from the products of other companies. EDS has prominently displayed its mark in the form "Flexi-Post®" or "Flexi Post®" on packaging for its products.

13. EDS has engaged in substantial advertising and sales solicitation using materials that prominently feature its trademark Flexi-Post®.

14. By virtue of its significant sales and high quality of products, EDS has established a strong reputation associated with its trademark Flexi-Post®, such that the public has come to associate and recognize products bearing the trademark Flexi-Post® as having a consistently high quality and originating with EDS.

15. As a result of EDS's long use, advertising, considerable sales and high-quality reputation associated with its trademark Flexi-Post®, the mark Flexi-Post® and products associated with that mark have obtained considerable goodwill and recognition as identifying and being associated with EDS, and the mark Flexi-Post® has become among EDS's most valued and valuable assets.

**SCHEIN'S WRONGFUL ACTS**

16. Schein advertises itself to be a worldwide distributor of medical, dental and veterinary supplies. For dental supplies, Schein advertises that it offers a full range of dental supplies, equipment and products for dentistry practices.

17. Among the products that Schein has sold and promoted for dentistry practices are EDS's Flexi-Post® products. For many years, Schein advertised EDS's products using EDS's Flexi-Post® trademark, promoted such products and obtained significant sales of those products.

18. Upon information and belief, quite recently, Schein decided to copy EDS's Flexi-Post® product including its split-shank structure, and to introduce their competing dental post under the infringing name "Precision Flex Post."

19. In a publication in May, 2018, under "New Products", Schein has promoted its copy of EDS's split-shank post and has used the name "Precision Flex Post System" for such product. A copy of this announcement is attached as Exhibit C.

20. Schein's website used to promote and sell dental products lists an array of posts that use the "Precision Flex Post" name.

21. Schein's "Precision Flex Post" name is a reproduction, counterfeit, copy and colorable imitation of EDS's registration mark Flexi-Post® covered by incontestable U.S. Registration No. 1,304,878. Schein has used EDS's registered Flexi-Post® mark in the form "Flex Post" and has merely added on the descriptive word "Precision" that describes to EDS's products as well.

22. Schein uses the infringing "Precision Flex Post" name on products that are virtually identical to and directly competitive with the products for which EDS's Flexi-Post® mark has become recognized and identified such that the goods for which Schein uses its

infringing mark are closely related and indeed compete with the goods for which EDS has long used its registered trademark Flexi-Post®.

23.     Schein's goods associated with the infringing name "Precision Flex Post" are provided through the same trade channels and to the same classes of customers as are EDS's products sold in connection with its registered trademark Flexi-Post®.

## FIRST CLAIM FOR RELIEF
### Infringement of Federal Trademark Registration

24.     EDS repeats and realleges the allegations set forth in paragraphs 1-23, as if set forth here in full.

25.     Schein's use of the name "Precision Flex Post" for copied versions of EDS's Flexi-Post® products and systems constitutes infringement of EDS's incontestable trademark Flexi-Post® and is likely to cause confusion and mistake in the minds of purchasers and users as to the source of the product, in violation of 15 U.S.C. § 1114.

26.     Schein's activities complained of constitute willful and intentional infringement of EDS's federal trademark registration in total disregard of EDS's rights.  Schein's infringing activities were commenced and have continued despite Schein's previous advertising and sales of EDS's Flexi-Post® products and, upon information and belief, despite Schein's knowledge that the Flexi-Post® mark was federal registered.  Schein adopted and has used the name "Precision Flex Post" as a reproduction or colorable imitation of EDS's mark Flexi-Post® to benefit from EDS's recognition and in violation of EDS's rights.

27.     Schein's infringement has irreparably injured EDS's market share.

28.     EDS has no adequate remedy at law.  Schein's conduct has caused, and if not enjoined will continue to cause, irreparable damage to EDS's trademark rights, reputation and good will in a manner that cannot be adequately calculated or compensated in money damages.

## SECOND CLAIM FOR RELIEF
### Violation of Section 43(a) of The Lanham Act

29. EDS repeats and realleges the allegations set forth in paragraphs 1-28, as if set forth here in full.

30. Schein's use of the name "Precision Flex Post" for dental products that are identical to and competitive with EDS's Flexi-Post® products constitutes the use of false designations of origin and false descriptions or representations which tend to falsely describe or represent Schein's products, and Schein has caused such products to enter into commerce with full knowledge of the falsity of such designations of origin, all to the detriment and damage of EDS.

31. Schein's infringement has irreparably injured EDS's market share.

32. EDS has no adequate remedy at law. Schein's conduct has caused, and if not enjoined will continue to cause, irreparable damage to EDS's trademark rights, reputation and good will in a manner that cannot be adequately calculated or compensated in money damages.

## THIRD CLAIM FOR RELIEF
### Common Law and Unfair Competition

33. EDS repeats and realleges the allegations set forth in paragraphs 1-32, as if set forth here in full.

34. Schein, by its actions alleged above, has willfully, knowingly and intentionally engaged in acts constituting unfair competition under the common law of the State of New Jersey.

35. Upon information and belief, Schein is improperly trading on the reputation and goodwill of EDS.

36. Schein's infringement has irreparably injured EDS's market share.

37. EDS has no adequate remedy at law. Schein's conduct has caused, and if not enjoined will continue to cause, irreparable damage to EDS's trademark rights, reputation and good will in a manner that cannot be adequately calculated or compensated in money damages.

WHEREFORE, EDS prays for the following relief:

A. A preliminary and permanent injunction restraining the defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors, and assigns, and all persons and organizations in active concert, participation, or combination with any of the forgoing, from:

(1) directly or indirectly infringing EDS's trademark Flexi-Post® in any manner, including but not limited to, manufacturing, distributing, advertising, selling, or offering for sale, any products that use the trademark or name "Precision Flex Post", or any reproduction, counterfeit copy, or colorable imitation of the mark Flexi-Post® or that includes the name Flex Post in any form; and

(2) using any word, term, name, symbol, or device, or any combination thereof, on any product or packaging, which may be calculated to represent or has the effect of representing that the products of defendants or any other person are sponsored by, authorized by, or in some way associated with EDS or EDS's Flexi-Post® products;

B. An order under 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, and advertisements, having, showing, or employing the name or trademark "Precision Flex Post", and all plates, molds, matrices, and other means for making the same, shall be delivered up to the plaintiff for destruction;

C. A recovery of compensatory damages and an increase in such award under 15 U.S.C. § 1117;

D.    An accounting of Schein's profits realized in connection with the sale of infringing products, and an award in such amount to EDS;

E.    An award to EDS of exemplary damages;

F.    An award to EDS of its reasonable attorney fees and costs of the action; and

G.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff Essential Dental Systems, Inc. demands a jury trial on all issues so triable to a jury.

                                              Respectfully submitted,

                                              LERNER, DAVID, LITTENBERG,
                                                KRUMHOLZ & MENTLIK, LLP
                                            *Attorneys for Plaintiff Essential Dental Systems, Inc.*

Dated:  June 4, 2018                          By:   s/Charles P. Kennedy
                                                Charles P. Kennedy
                                                Tel:908.654.5000
                                                E-mail:ckennedy@lernerdavid.com
                                                       litigation@lernerdavid.com

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

                                                LERNER, DAVID, LITTENBERG,
                                                 KRUMHOLZ & MENTLIK, LLP
                                              *Attorneys for Plaintiff Kalustyan Corporation*

Dated:  June 4, 2018                   By:   *s/*Charles P. Kennedy
                                                      Charles P. Kennedy
                                                      Tel:908.654.5000
                                                      E-mail:ckennedy@lernerdavid.com
                                                                 litigation@lernerdavid.com